Joseph H. Low IV (SBN 194897)
THE LAW FIRM OF JOSEPH H. LOW IV
One World Trade Center, Suite 2320
Long Beach, CA. 90831
Telephone: (562) 901-0840
Facsimile: (562) 901-0841
E-Mail: JHLowIV@aol.com

Michael R. Marrinan, Esq. (SBN 90484)
LAW OFFICES OF MICHAEL R. MARRINAN
614 Fifth Ave., Suite D
San Diego, CA. 92101
Telephone: (619) 238-6900
Facsimile: (619) 515-0505
E-Mail: mrmarrinan@aol.com

Attorneys for Plaintiffs
GUADALUPE MENDOZA and JAVIER MENDOZA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE MENDOZA and JAVIER MENDOZA,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF ORANGE, DEPUTY D. MISSEL, DEPUTY A. SEVILLA, DEPUTY JON AUER, DEPUTY RICARDO JURADO, and SGT. MIKE TOLEDO,<br><br>Defendants. | CASE NO. SACV 03-1186 DOC (Anx)<br><br>**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**<br><br>Trial: April 8, 2008<br>Time: 8:30 a.m.<br>Ctrm: 10C<br><br>FOR DETERMINATION BY THE HONORABLE JAMES V. SELNA |

Plaintiffs hereby offer the attached proposed jury instructions.

Dated: April 7, 2008

_____
MICHAEL R. MARRINAN
Attorney for Plaintiffs

1     PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

# 1.2 CLAIMS AND DEFENSES (Mod.)

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiffs, Guadalupe Mendoza and Javier Mendoza, allege that the Defendants, Orange County sheriff's deputies Daniel Missel, Albert Sevilla, John Auer, Michael Toledo and Ricardo Jurado, subjected them to deprivation of rights and privileges secured and protected by the Constitution and laws of the United States by

1) conducting an unreasonable search and seizure in plaintiffs' home;

2) unlawfully arresting plaintiff Javier Mendoza, thereby subjecting him to an unlawful seizure; and

3) using unreasonable force against both plaintiffs.

Plaintiffs have the burden of proving these claims.

Defendants deny these claims and assert that they did not subject plaintiffs to an unlawful seizure, did not use excessive force on plaintiffs and lawfully arrested plaintiff Javier Mendoza.

# 9.2 SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF (Mod.)

In order to prevail on their § 1983 claims against the defendants, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. the defendant(s) acted under color of law; and
2. the acts of the defendant(s) deprived the plaintiff of his or her particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendants acted under color of law.

If you find a plaintiff has proved each of these elements, and if you find that the plaintiff(s) have proved all the elements they are required to prove under Instruction Nos. 9.11, 9.13, 9.15, 9.18, 9.20 or 9.22 your verdict should be for the plaintiff(s) on that claim. If, on the other hand, the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendants.

# 9.11 PARTICULAR RIGHTS – FOURTH AMENDMENT – UNREASONABLE SEARCH – GENERALLY

As previously explained, the plaintiffs have the burden to prove that the act[s] of the defendants deprived the plaintiffs of particular rights under the United States Constitution. In this case, the plaintiffs allege the defendants deprived them of their rights under the Fourth Amendment to the Constitution when they acted unreasonably while inside the plaintiffs' home.

Under the Fourth Amendment, a person has the right to be free from an unreasonable search of his or her residence. In order to prove the defendant(s) deprived the plaintiff(s) of this Fourth Amendment right, the plaintiffs must prove the following additional elements by a preponderance of the evidence:

1. One or more defendants searched the plaintiffs' residence;
2. in conducting the search, one or more defendants acted intentionally; and
3. the search was unreasonable.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Thus, the plaintiffs must prove the defendants meant to search the plaintiff's residence. Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently in conducting the search.

As previously explained, the plaintiffs have the burden to prove that the acts of the defendants deprived the plaintiffs of particular rights under the United States Constitution.

# 9.13 PARTICULAR RIGHTS—FOURTH AMENDMENT — UNREASONABLE SEARCH—EXCEPTION TO WARRANT REQUIREMENT—CONSENT

In general, a search of a person's residence is unreasonable under the Fourth Amendment if the search is not authorized by a search warrant. A "search warrant" is a written order signed by a judge that permits a law enforcement officer to search a particular person, place, or thing. Under an exception to this rule, a search warrant is not required and a search is reasonable if a person in lawful possession of the area to be searched knowingly and voluntarily consents to the search and there is not any express refusal to consent by another person who is physically present and also in lawful possession of the area to be searched.

A person acts "knowingly" if the person acts with an awareness that particular circumstances exist.

In determining whether a consent to search is voluntary, consider all of the circumstances, including:

- whether officers' guns were drawn;
- whether the consenting person was told he or she had the right to refuse a request to search;
- whether the consenting person was told he or she was free to leave;
- whether *Miranda* warnings were given;
- whether the consenting person was told a search warrant could be obtained;
- any other circumstances applicable to the particular case.

In order to prove the search in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that this exception to the warrant requirement does not apply.

# 9.15 PARTICULAR RIGHTS—FOURTH AMENDMENT UNREASONABLE SEARCH—EXCEPTION TO WARRANT REQUIREMENT — EMERGENCY OR COMMUNITY-CARETAKER CIRCUMSTANCES

In general, a search of a person's residence is unreasonable under the Fourth Amendment if the search is not conducted pursuant to a search warrant. A "search warrant" is a written order signed by a judge that permits a law enforcement officer to search a particular person, place, or thing. Under an exception to this rule, a search warrant is not required and a search is reasonable if, under all of the circumstances:

1. the police officers had reasonable grounds to believe that there was an emergency at hand and there was an immediate need for their assistance for the protection of life or property;
2. the police officers were not primarily motivated by an intent to arrest or to seize evidence; and
3. there was a reasonable basis to associate the emergency with the area or place that was searched.

In order to prove the search in this case was unreasonable, the plaintiff must prove by a preponderance of the evidence that this exception to the warrant requirement does not apply.

# 9.18 PARTICULAR RIGHTS—FOURTH AMENDMENT UNREASONABLE SEIZURE OF PERSON—GENERALLY (Mod.)

As previously explained, the plaintiffs have the burden to prove that the acts of the defendants deprived the plaintiffs of particular rights under the United States Constitution. In this case, plaintiff Javier Mendoza alleges the defendants deprived him of his rights under the Fourth Amendment to the Constitution when they arrested him without probable cause.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person. In order to prove a defendant deprived a plaintiff of this Fourth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. a defendant seized the plaintiff's person;
2. in seizing the plaintiff's person, the defendant acted intentionally; and
3. the seizure was unreasonable.

A defendant "seizes" the plaintiff's person when he restrains the plaintiff's liberty by physical force or a show of authority. A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and to go about his business.

In determining whether a reasonable person in the plaintiff's position would have felt free to leave, consider all of the circumstances, including

1. the number of officers present;
2. whether weapons were displayed;
3. whether the encounter occurred in a public or nonpublic setting;
4. whether the officer's manner would imply that compliance would be compelled; and
5. whether the officers advised the plaintiff that he was free to leave.

A person acts "intentionally" when the person acts with a conscious

PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

objective to engage in particular conduct. Thus, the plaintiff must prove the defendant meant to engage in the acts that caused a seizure of the plaintiff's person. Although the plaintiff does not need to prove the defendant intended to violate the plaintiff's Fourth Amendment rights, it is not enough if the plaintiff only proves the defendant acted negligently, accidentally or inadvertently.

# 9.20 PARTICULAR RIGHTS—FOURTH AMENDMENT — UNREASONABLE SEIZURE OF PERSON—PROBABLE CAUSE ARREST (Mod.)

In general, a seizure of a person by arrest without a warrant is reasonable if the arresting officer had probable cause to believe the plaintiff has committed or was committing a crime.

In order to prove that the arrest of plaintiff Javier Mendoza was unreasonable, the plaintiff must prove by a preponderance of the evidence that he was arrested without probable cause.

"Probable cause" exists when, under all of the circumstances known to the officer at the time, an objectively reasonable police officer would conclude there is a fair probability that the plaintiff has committed or was committing a crime.

Under California state law, it is a crime to wilfully resist, obstruct or delay a police officer in the lawful performance of his duties. An officer is not acting in the lawful performance of his duties where he makes an unlawful detention or unlawful arrest, or where he uses excessive force in making the detention or arrest.

# PLAINTIFFS' SPECIAL INSTRUCTION NO. 1
# PROBABLE CAUSE--NOT BASED ON VERBAL OPPOSITION

The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers. The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state.

**Authorities**

City of Houston v. Hill, 482 U.S. 451, 461-63 (1987)

Duran v. City of Douglas, 904 F.2d 1372, 1378 (9th Cir.1990)

# PLAINTIFFS' SPECIAL INSTRUCTION NO. 2
# PROVOCATION

When a police officer intentionally or recklessly provokes a violent confrontation, if the provocation is an independent Fourth Amendment violation, the officer then may be held liable for an otherwise defensive use of force.

Thus, even when an officer might be acting in self defense or defense of another, an officer still could be held liable for using excessive force because his reckless and unconstitutional provocation created the need for another to use force.

The basis of liability is the officer's initial constitutional violation.

**Authorities**

Billington v. Smith, 292 F.3d 1177, 1189-91 (9th Cir.2002)

Alexander v. City and County of San Francisco, 29 F.3d 1355 (9th Cir.1994)

Duran v. City of Maywood, 221 F.3d 1127 (9th Cir.2000)

# PLAINTIFFS' SPECIAL INSTRUCTION NO. 3

Plaintiffs need not prove that defendants intended to deprive plaintiffs of their rights. The law under which plaintiffs sue does not require any intent to violate constitutional rights.

**Authorities**

Caballero v. City of Concord, 956 F.2d 204 (9th Cir.1992)

Hudson v. New York City, 271 F.3d 62, 68 (2d Cir.2001)

# PLAINTIFFS' SPECIAL INSTRUCTION NO. 4
# DUTY TO INTERVENE

A law enforcement officer has a duty to intercede on behalf of a citizen whose constitutional rights are violated in his presence by other officers, and failure or refusal to intervene where he has the opportunity to do so will cause that officer to become directly liable under 42 United States Code, section 1983.

Thus, if a police officer who is in a position to do so fails or refuses to intervene when a constitutional violation such as an unlawful detention, false arrest or an act of excessive force takes place in his presence, that officer will be directly liable under 42 United States Code section 1983.

**Authorities**

Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986)

Hale v. Townley, 45 F.3d 914, 919 (5th Cir.1995)

Barton v. Norrod, 106 F.3d 1289, 1299 (6th Cir.1997)

U.S. v. Koon, 34 F.3d 1146, 1447 (9th Cir.1994)

PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

# PLAINTIFFS' SPECIAL INSTRUCTION NO. 5
## SELF DEFENSE

If a peace officer uses unreasonable or excessive force while attempting to arrest or detain a person, that person may lawfully use reasonable force to defend himself or herself.

Similarly, a person may act in lawful defense of another person, such as her son, if she reasonably believes that a peace officer is using unreasonable or excessive force against that person. However, the person may only use reasonable force when acting in lawful defense of another.

**Authorities**

California Civil Code § 50

CACI 3470

CACI 2671

People v. Curtis, 70 Cal.2d 347, 356 (1969)

People v. White, 101 Cal.App.3d 161, 166 (1980)

# PLAINTIFFS' SPECIAL INSTRUCTION NO. 6
# LAWFUL PERFORMANCE OF DUTIES

A peace officer is not lawfully performing his duties if he is unlawfully arresting someone or is using unreasonable or excessive force when making or attempting to make an arrest or detention.

Therefore, a person may not be arrested for Penal Code § 148 where he is being unlawfully arrested or where the officer is using unreasonable or excessive force against him.

**Authorities**

CACI 2670

People v. Curtis, 70 Cal.2d 347, 356 (1969)

People v. White, 101 Cal.App.3d 161, 166 (1980)

People v. Castain, 122 Cal.App.3d 138, 145 (1980)