# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 03-01186 JVS (ANx) consolidated with SACV 04-970-JVS(ANx) | Date | June 22, 2009 |

Title    Guadalupe Mendoza v. County of Orange, et al.

Present: The Honorable        James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Michael R. Marrinan Joseph Low | David D. Lawrence |

**Proceedings:**      Defendants' Motion for Remittitur or, in the Alternative, for New Trial (Fld 5-26-09)

**Cause called and counsel make their appearances.   The Court's tentative ruling is issued.   Counsel make their arguments.   The Court DENIES the defendants' motion and rules in accordance with the tentative ruling as follows:**

Defendants Deputy Missel ("Missel") and Deputy A. Sevilla ("Sevilla"), (collectively, the "Deputies") move the Court for a remittitur or, in the alternative, a new trial.  Plaintiffs Guadalupe Mendoza ("Guadalupe") and Javier Mendoza ("Javier"), (collectively, the "Mendozas") oppose the motion.

## I.    BACKGROUND

The Mendozas brought a complaint, alleging that their rights under the Fourth, Fifth and Fourteenth Amendments were violated during an investigation of an alleged domestic disturbance that took place at the Mendoza home.  On July 29, 2002, Javier smoked marijuana and thereafter began feeling anxious and fearful.  Guadalupe asked Javier's brother, Miguel Mendoza, to call the paramedics.  Miguel called 911 and told the dispatcher Javier was on drugs, and that Javier was hitting him, his mother, and his father.  Deputies Missel, Sevilla, and Auer responded to the dispatch by the 911 operator.  The Mendozas alleged that the Deputies used excessive force in responding to the disturbance.

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 03-01186 JVS (ANx)<br>consolidated with SACV 04-970-JVS(ANx) | Date | June 22, 2009 |

| | |
|---|---|
| Title | Guadalupe Mendoza v. County of Orange, et al. |

On March 31, 2009, this action went to trial. On May 11, 2009, the jury found that Deputy Missel and Deputy Sevilla used unreasonable force on Javier and awarded Javier $300,000. The jury found in favor of Deputy Missel on Guadalupe's claim and in favor of Deputy Auer on Javier's claim. (Docket No. 237.)

## II. LEGAL STANDARD

Pursuant to Rule 59(a), in an action in which there has been a trial by jury, a new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Courts may grant new trials, "even though the verdict is supported by substantial evidence, if the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice." United States v. 4.0 Acres of Land, 175 F.3d 1133, 1139 (9th Cir. 1999) (internal quotations omitted). "The judge can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." Landes Const. Co., Inc. v. Royal Bank of Canada, 833 F.2d 1365, '1371 (9th Cir. 1987). "A district court abuses its discretion in denying a motion for a new trial when its erroneous inclusion or exclusion of evidence in the underlying proceeding prejudices a party's right to a fair trial." Dorn v. Burlington Northern Santa Fe Railroad Co., 397 F.3d 1183, 1189 (9th Cir. 2005).

## III. DISCUSSION

The Deputies argue that "(1) the jury was improperly influenced by Plaintiffs' counsel's remark regarding Defendants' ability to pay a damages award and 2) the jury verdict is grossly excessive and not supported by the weight of the evidence." (Notice p. 2.)

### A. Counsel's Remark During Closing Argument

The parties do not dispute that prior to trial, this Court granted a motion in limine to exclude reference to the fact that the County of Orange would indemnify the Deputies. (Docket No. 160, p. 6.) Even if the Court had not ruled on the motion in limine, "[u]nder the general rule, the fact that the plaintiff is protected by insurance or other indemnity

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-01186 JVS (ANx) | Date | June 22, 2009 |
|---|---|---|---|
| | consolidated with SACV 04-970-JVS(ANx) | | |

| Title | Guadalupe Mendoza v. County of Orange, et al. |
|---|---|

cannot be shown." <u>Halladay</u> v. <u>Verschoor</u>, 381 F.2d 100, 112 (8th Cir. 1967). In addition, in <u>Larez</u>, the Ninth Circuit found that an improper instruction regarding the city's indemnification of a police officer required a new trial on the issue of compensatory and punitive damages. <u>Larez</u> v. <u>Holcomb</u>, 16 F.3d 1513, 1518-21 (9th Cir. 1994). The Ninth Circuit explained that:

> It has long been the rule in our courts that evidence of insurance or other indemnification is not admissible on the issue of damages, and, should any such information reach the ears of the jurors, the court should issue a curative instruction. <u>See, e.g.</u>, <u>Halladay</u> v. <u>Verschoor</u>, 381 F.2d 100, 112 (8th Cir. 1967) ("Unless the fact that the plaintiff is insured or otherwise indemnified is a material issue in the case, or unless the prejudicial effect has been cured by an admonition or instruction to the jury to disregard it, it has been almost universally held that the receipt of such evidence constitutes prejudicial error sufficient to require reversal."). We see no reason to depart from this rule in the context of a § 1983 action.

<u>Id.</u> at 1518-19.

Likewise, in <u>Trimble</u> v. <u>Merloe</u>, 413 Pa. 408, 411 (Pa. 1964), the jury heard plaintiff's counsel's remark that he was not permitted to discuss insurance coverage at trial. The court found that "[t]his is an instance where plaintiff's counsel made a conscious and deliberate effort to build his case and verdict by seeking to distract the jury from the real issues and to induce a substantial verdict by inferences, allusions and insinuations by his insurance comments." <u>Id.</u> The court also noted that "the injection of insurance was done directly, deliberately and by design by counsel for the Plaintiff and it reasonably appears that it was prejudicial to the Defendant." <u>Id.</u> at 412. The court then granted a new trial.

In the present case, during his closing statement, the Mendozas' counsel Mr. Zelbst ("Zelbst") asked the jury "to go big" in awarding damages and stated to the jury:

> Well, you might say, 'John, how in the world can these deputies pay it if we go big'? Well, the judge never did give an instruction to concern yourself about that. He didn't say who is going to pay it or if it would ever be paid.

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 03-01186 JVS (ANx) consolidated with SACV 04-970-JVS(ANx) | Date | June 22, 2009 |
|---|---|---|---|

| Title | Guadalupe Mendoza v. County of Orange, et al. |
|---|---|

(Lawrence Decl. ¶ 3, Ex. A, p. 6.)

The Deputies argue that the Court should grant a new trial because this statement was an improper suggestion that the individual Defendants would not bear the burden of paying an award of damages. (Mot. p. 5.) The Mendozas argue in response that, read in context, Zelbst was merely explaining that the amount of damages awarded should not be based upon the Defendants' ability to pay.[1] (Opp. p. 3 (citing Lawrence Decl., Ex. A, p. 17).)

The Court finds that the present action is distinguishable from the above authorities and that a new trial is not warranted. In Larez, the district court informed the jury that the city would indemnify the defendant for any compensatory damages awarded to the plaintiff. Larez, 16 F.3d at 1518. In addition, in his closing argument, plaintiff's counsel stated that the city was authorized to indemnify the defendant for any punitive damages assessed against him. Id. at 1520. These were clear, direct statements to the jury that the defendant would or could be indemnified.

In the present case, however, Zelbst did not directly mention indemnification. He pointed out that the Judge did not specify who would pay the judgment. The Court recognizes that the court in Trimble found that the mere insinuation that the defendant might have insurance was grounds for a new trial. Trimble, 413 Pa. at 412. However, the reference to insurance in Trimble was much more direct than the possible reference of indemnification in the present case. First, in Trimble, counsel specifically referred to insurance. In the present case, Zelbst did not use the word "indemnification," but made a more vague, general point.

Second, in Trimble, the Court found that, given that insurance was not at issue in the trial, that counsel had deliberately interjected this point. In the present case, the Court does not find that Zelbst made the reference directly, deliberately or by design. It appears that Zelbst was attempting to make the general point that the jury should not consider

---

[1]    The Ninth Circuit has found that a court may instruct that the jury should calculate damages based solely on the injuries actually suffered by the plaintiff, without regard for the defendant's finances. Larez, 16 F.3d at 1519.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No.   SACV 03-01186 JVS (ANx)                    Date   June 22, 2009
           consolidated with SACV 04-970-JVS(ANx)

Title      Guadalupe Mendoza v. County of Orange, et al.

ability to pay. Zelbst's reference to who might pay the judgment was vague, isolated, short, and made in context of a more general point. While the remark had a theoretical potential for mischief, the Court believes it was too oblique to have had practical consequences.

Accordingly, the Court finds that Zelbst's statement is not sufficient to demonstrate prejudice and the need for a new trial.

B.    The Jury Verdict

Next, the Deputies argue that they are entitled to an order of remittitur because the jury verdict is excessive and not supported by the weight of the evidence. (Mot. p. 8.) Courts should "allow substantial deference to a jury's finding of the appropriate amount of damages" and should "uphold the jury's finding unless the amount is grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guesswork." Del Monte Dunes at Monterey, Ltd. v. City of Monterey, 95 F.3d 1422, 1435 (9th Cir. 1996).

The Deputies argue that the verdict is excessive because Javier's injuries were temporary and minor, his medical treatment cost no more than a few thousand dollars, and he was unemployed at the time of the incident. (Mot. p. 8; Lawrence Decl. ¶ 5, Exs. C & D.) The Deputies contend that, at most, a judgment of $50,000 could be supported by the evidence, but offer no support for the assertion or any basis at all for considering $50,000 as a reasonable benchmark. (Mot. p. 9.)

Given the facts of this case, the Court does not find that the amount of damages is grossly excessive or monstrous. The jury is entitled to consider emotional as well as physical injury. Javier was quite emotional at trial some seven years later as he related the events of that evening. The Court observed him at both trials, and does not believe he was feigning.

Accordingly, the Court denies the request for a remittitur.

IV.    CONCLUSION

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 03-01186 JVS (ANx) | Date | June 22, 2009 |
| | consolidated with SACV 04-970-JVS(ANx) | | |

Title    Guadalupe Mendoza v. County of Orange, et al.

For the foregoing reasons, the Court denies the motion in its entirety.[2]

                                          :    17

Initials of Preparer   kjt

---

      [2]  The Court need not address the Deputies' Request for Judicial Notice.